IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

ANTRELL TEEN, #461504, )
)
       Plaintiff, )
)
vs. ) Case No. 18−cv–1317−SMY
)
ZINA CRUSE, )
)
       Defendants. )
)

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff Antrell Teen, a detainee at St. Clair County Jail, brings this action pursuant to 42 U.S.C. § 1983 for alleged deprivations of his constitutional rights. Plaintiff claims that Defendant Zina Cruse improperly handled his criminal proceedings. (Doc. 1). This case is now before the Court for a preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening** – The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal** – On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
>     (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
>     (2) seeks monetary relief from a defendant who is immune from such relief.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective standard that refers to a claim that any reasonable person would find meritless. *Lee v. Clinton,* 209 F.3d 1025, 1026-

27 (7th Cir. 2000). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557. At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

Upon careful review of the Complaint and any supporting exhibits, the Court finds it appropriate to summarily dismiss this case.

### **The Complaint**

Plaintiff makes the following allegations in the Complaint (Doc. 1): Defendant Zina Cruse is the presiding judge at St. Clair County Twentieth Judicial District Court in Belleville, Illinois. (Doc. 1, p. 1). At all times relevant to the Complaint, she was also the presiding judge in Plaintiff's criminal proceeding. *Id.*

Plaintiff was arrested December 11, 2015. (Doc. 1, p. 2). On December 16, 2015, he "invoked his rights to a speedy trial 725 ILCS 5/103-5 to Judge Clay during arraignment of criminal charges of 1st degree murder and aggravated assault with a firearm." *Id.* Later that month, Plaintiff appeared in court and informed Public Defender Greg Nester that he had invoked his right to a speedy trial. *Id.*

Plaintiff met Mark Peebles, the public defender assigned to his case, during the second week of February 2016. *Id.* Plaintiff also informed Peebles that he invoked his right to a speedy trial, and told him "if he could not perform under the boundaries set by the statute that he should remove himself from [Plaintiff's] case." *Id.* Peebles assured Plaintiff that he could, but he "became evasive and unresponsive" in March 2016. *Id.* Plaintiff wrote to Cruse and the public

defender supervisor, and "informed them of [his] concerns of bad faith delay, due process, and speedy trial being affected by ineffective counsel." *Id.* Nothing was done. *Id.*

In April 2016, Plaintiff called the court and discovered that "a toll was used to suspend the statute of limitation of the speedy trial." *Id.* He immediately wrote objecting to this and asking for an evidentiary hearing. *Id.* On April 13, 2016, Plaintiff wrote a *pro se* dismissal motion. *Id.* He was taken to court for his first status conference on April 28, 2016, "outside of the 120 days allowed." *Id.* Plaintiff objected to Peebles' actions. *Id.*

Plaintiff was again taken to Court on May 2, 2016, where he "objected to all trial dates, objected to Peebles, and objected to the state." *Id.* Plaintiff was brought to trial June 20, 2016 without the evidentiary hearing he requested, "and in violation [of] 725 ILCS 5/103-5, due process, and the 6th Amendment." *Id.* Cruse allowed this "and operated outside of her jurisdiction." *Id.* Plaintiff "challenged the court's jurisdiction prior to trial and after trial. [He] still sit[s] in Jail waiting." *Id.*

Plaintiff seeks monetary damages from Defendant Cruse. (Doc. 1, p. 3).

**Discussion**

Based on the allegations of the Complaint, the Court finds it convenient to designate a single count in this *pro se* action. The parties and the Court will use this designation in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. The designation of this count does not constitute an opinion regarding its merit.

**Count 1 –** Defendant Cruse tried Plaintiff's criminal case on June 20, 2016 without an evidentiary hearing in violation of 725 ILCS 5/103-5, due process, and the Sixth Amendment.

Any other intended claim that has not been recognized by the Court is considered dismissed without prejudice as inadequately pleaded under the *Twombly* pleading standard.

Plaintiff's claim against Cruse must fail as judges being sued solely for their judicial acts are protected by absolute judicial immunity. *Mireles v. Waco*, 502 U.S. 9, 11-12 (1991); *Forrester v. White*, 484 U.S. 219, 225-29 (1988); *Richman v. Sheahan*, 270 F.3d 430, 434 (7th Cir. 2001); *Scruggs v. Moellering*, 870 F.2d 376, 377 (7th Cir.), *cert. denied*, 493 U.S. 956 (1989). Plaintiff's complaints about Judge Cruse pertain entirely to her judicial acts; the manner in which she handled various aspects of his criminal case. Judge Cruse is thus cloaked with judicial immunity for each of the actions that Plaintiff invokes as the grounds for his constitutional claims herein. Under § 1915A, a claim against a defendant who is immune from liability for money damages must be dismissed.

Because Judge Cruse is not amenable to a suit for damages under § 1983, the defects in Plaintiff's Complaint cannot be cured by permitting him to file an amended complaint. Leave to amend need not be granted where such amendment would be futile. *See Bogie v. Rosenberg*, 705 F.3d 603, 608 (7th Cir. 2013); *Garcia v. City of Chicago*, 24 F.3d 966, 970 (7th Cir. 1994). Accordingly, this entire action will be dismissed with prejudice pursuant to § 1915A.

**Disposition**

**IT IS HEREBY ORDERED** that **COUNT 1**, and this action, are **DISMISSED** with prejudice pursuant to 28 U.S.C. § 1915A.

Plaintiff is **ADVISED** that this dismissal shall count as one of his three allotted "strikes" under the provisions of 28 U.S.C. § 1915(g). Plaintiff's obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee of $350.00 remains due and payable. *See* 28 U.S.C. § 1915(B)(1); *Lucien v. Jockisch*, 133 f.3D 464, 467 (7th Cir. 1998).

If Plaintiff wishes to appeal this Order, he may file a notice of appeal with this Court within thirty days of the entry of judgment. FED. R. APP. 4(a)(1)(A). A motion for leave to appeal

*in forma pauperis* should set forth the issues Plaintiff plans to present on appeal. *See* FED. R. CIV. P. 24(a)(1)(C). If Plaintiff does choose to appeal, he will be liable for the $505.00 appellate filing fee irrespective of the outcome of the appeal. *See* FED. R. APP. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien*, 133 F.3d at 467. Moreover, if the appeal is found to be nonmeritorious, Plaintiff may also incur another "strike." A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline. FED. R. APP. P. 4(a)(4). A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of judgment, and this 28-day deadline cannot be extended.

The Clerk shall **CLOSE THIS CASE** and enter judgment accordingly.

**IT IS SO ORDERED.**
**DATED: July 20, 2018**

                                             **s/STACI M. YANDLE**
                                             **U.S. District Judge**